UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **NORCAVE PROPERTIES, LLC,**<br>   **Plaintiff**<br><br>versus<br><br>**INTERNAL REVENUE SERVICE,**<br>   **Defendant** | **CIVIL ACTION NO.** _____<br><br><br>**DISTRICT JUDGE JAMES D. CAIN, JR.**<br><br><br>**MAG. JUDGE THOMAS P. LEBLANC** |

**PLAINTIFF NORCAVE PROPERTIES, LLC'S ORIGINAL COMPLAINT
FOR DECLARATORY, INJUNCTIVE, AND MANDAMUS RELIEF**

Plaintiff Norcave Properties, LLC hereby complains of Defendant the Internal Revenue Service and alleges:

**INTRODUCTION**

1. "This case poses a straightforward question: whether the Seventh Amendment entitles [Norcave] to a jury trial when the [IRS] seeks civil penalties against [it] for [tax] fraud." *SEC v. Jarkesy*, 603 U.S. 109, 120 (2024). The Supreme Court has given a straightforward answer: Yes. *See id.* at 140.

2. The IRS has attempted to assert certain civil penalties without allowing a taxpayer, Norcave, the opportunity to exercise its right to have a jury of its peers determine the propriety of those penalties.

3. Norcave seeks relief declaring the IRS's actions to be unconstitutional, enjoining the IRS from pursuing certain civil penalties against Norcave without allowing Norcave to exercise its right to a jury trial, and compelling the IRS to allow Norcave to exercise that right.

## PARTIES, JURISDICTION, AND VENUE

4. Norcave is a limited liability company that owns immovable property in Jefferson Davis Parish, Louisiana.

5. The IRS is an administrative agency of the United States that imposes civil penalties against taxpayers under the Internal Revenue Code.

6. This action arises under the United States Constitution and Title 26 of the United States Code, so this Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331, 1343, and 1361.

7. This Court can grant declaratory and injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and Federal Rules of Civil Procedure 57 and 65.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

9. In 2018, Norcave donated both cash and a conservation servitude on its property to a charitable organization.

10. On its tax return, Norcave reported a deduction for each charitable donation.

11. On January 17, 2025, the IRS issued a Notice of Final Partnership Adjustment to Norcave stating that the IRS was disallowing the 2018 deductions.

12. According to the Notice, the IRS has sought to impose tax that it believes was not paid by Norcave.

13. According to the Notice, the IRS has sought to collect interest for the purported understatement of tax. *See* 26 U.S.C. § 6601(A).

14. In addition to tax and interest, the IRS has attempted to impose two forms of penalties on Norcave.

15. First, the IRS has asserted fraud penalties based on unidentified civil fraud.

16. Second, the IRS has asserted valuation penalties based on purported misvaluation of the charitable donations and the purported underpayment of tax.

## LEGAL LANDSCAPE

17. The Fifth and Seventh Amendments to the United States Constitution guarantee the right of a jury trial for suits at common law.

18. This right applies to an administrative agency's assertion of certain civil penalties. *See Jarkesy*, *supra*.

19. Regardless of whether Norcave challenges the IRS's attempted imposition of penalties in Tax Court, the Court of Federal Claims, or a United States District Court, it will not have the opportunity for a jury trial.

20. Norcave would exercise its right to a jury trial if it had the opportunity to do so.

## FIRST CLAIM FOR RELIEF:
## DECLARATION REGARDING FRAUD PENALTIES

21. The other allegations of this Complaint are incorporated herein by reference.

22. The fraud penalties that the IRS seeks to impose are remedies traditionally obtained in a court of law.

23. The fraud penalties that the IRS seeks to impose are not based in equity or admiralty.

24. The fraud penalties that the IRS seeks to impose are, at least in part, intended to punish Norcave.

25. The fraud penalties that the IRS seeks to impose are legal in nature because they are civil, punitive penalties.

26. The IRS's attempt to assess fraud penalties without allowing a jury trial violates the Fifth and Seventh Amendments to the United States Constitution.

27. The IRS's actions deprive Norcave of a right secured by the United States Constitution.

28. Norcave is entitled to declaratory relief because it has no adequate remedy at law to prevent or redress the IRS's unconstitutional actions and will suffer irreparable harm as a result of the IRS's violations of its constitutional right.

### SECOND CLAIM FOR RELIEF:
### DECLARATION REGARDING VALUATION PENALTIES

29. The other allegations of this Complaint are incorporated herein by reference.

30. The valuation penalties that the IRS seeks to impose are remedies traditionally obtained in a court of law.

31. The valuation penalties that the IRS seeks to impose are not based in equity or admiralty.

32. The valuation penalties that the IRS seeks to impose are, at least in part, intended to punish Norcave.

33. The valuation penalties that the IRS seeks to impose are legal in nature because they are civil, punitive penalties.

34. The IRS's attempt to assess valuation penalties without allowing a jury trial violates the Fifth and Seventh Amendments to the United States Constitution.

35. The IRS's actions deprive Norcave of a right secured by the United States Constitution.

36. Norcave is therefore entitled to declaratory relief because it has no adequate remedy at law to prevent or redress the IRS's unconstitutional actions and will suffer irreparable harm as a result of the IRS's violations of its constitutional right.

### THIRD CLAIM FOR RELIEF:
### INJUNCTION

37. The other allegations of this Complaint are incorporated herein by reference.

38. Being forced to relinquish the constitutional right to a jury trial is an irreparable injury.

39. Norcave has no adequate remedy at law.

40. The balance of equities weighs in favor of respecting Norcave's constitutional right to a jury trial.

41. An injunction serves the public interest.

42. Accordingly, Norcave is entitled to injunctive relief.

### FOURTH CLAIM FOR RELIEF:
### MANDAMUS

43. The other allegations of this Complaint are incorporated herein by reference.

44. Norcave has a constitutional right to have a jury decide whether it is liable to the IRS for civil penalties.

45. The IRS has a duty to ensure that taxpayers' constitutional rights are protected in the assessment of penalties.

46. Accordingly, Norcave is entitled to mandamus relief.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Norcave Properties, LLC requests that this Court:

1) Declare that the IRS cannot assert fraud penalties against Norcave without allowing it the opportunity to exercise its constitutional right to a jury trial;

2) Declare that the IRS cannot assert valuation penalties against Norcave without allowing it the opportunity to exercise its constitutional right to a jury trial;

    3)    Enjoin the IRS from pursuing any penalties against Norcave without allowing it the opportunity to exercise its constitutional right to a jury trial;

    4)    Compel the IRS to allow Norcave the opportunity to exercise its constitutional right to a jury trial;

    5)    Award Norcave its costs and expenses, including attorney fees, as permitted by law; and

    6)    Grant all other relief to which Norcave is entitled.

This 27th day of March 2025.

    Respectfully submitted,

    FOX ROTHSCHILD LLP

    John G. Yadamec
    La. Bar Roll No. 37928
    2501 N. Harwood St., Suite 1800
    Dallas, Texas 75201
    (972) 991-0889    Phone
    (972) 404-0516    Fax
    jyadamec@foxrothschild.com
    *Counsel for Plaintiff*
    *Norcave Properties, LLC*