IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| NORCAVE PROPERTIES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO. 2:25-cv-00398<br><br>DISTRICT JUDGE JAMES D. CAIN, JR.<br><br>MAG. JUDGE THOMAS P. LEBLANC |

## UNITED STATES OF AMERICA'S ANSWER TO COMPLAINT

The United States of America answers Plaintiff's Norcave Properties, LLC's Complaint for Refund (ECF No. 1) as follows. Any allegation not specifically admitted is denied.

1. The United States denies the allegations in paragraph 1. There is no constitutional right to a jury trial in matters encompassed within the public rights exception to the Seventh Amendment. *SEC v. Jarkesy*, 603 U.S. 109, 128 (2024).

2. The United States admits that on January 17, 2025, following an examination, the Internal Revenue Service ("IRS") issued a statutory Notice of Final Partnership Adjustment ("FPA") to Norcave disallowing the noncash charitable deduction and asserting civil fraud penalties under 26 U.S.C. § 6663; otherwise denies the remaining allegations in paragraph 2.

3. The United States denies that Plaintiff is entitled to any of the relief listed in paragraph 3.

## PARTIES, JURISDICTION, AND VENUE

4. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5.  The United States admits the IRS is a bureau of the Department of the Treasury responsible for administering and enforcing the internal revenue laws, which includes the imposition of certain civil penalties against taxpayers.

6.  The United States denies the allegations in paragraph 6. The Anti-Injunction Act, 26 U.S.C. § 7421(a), specifically bars any "suit for the purpose of restraining the assessment or collection of any tax."

7.  The United States denies the allegations in paragraph 7. The Declaratory Judgment Act only authorizes declaratory relief, not injunctive relief, and it does not authorize any declaratory judgment "with respect to Federal taxes," with enumerated exceptions not applicable here. 28 U.S.C. § 2201(a). The Federal tax exception under the Declaratory Judgment Act is jurisdictional. *Rivero v. Fidelity Invs., Inc.*, 1 F. 4th 340, 344-45 (5th Cir. 2021).

8.  The United States admits the allegations in paragraph 8.

## FACTUAL BACKGROUND

9.  The United States admits that on or about December 27, 2018, Plaintiff purportedly granted a conservation easement on 323.13 acres of land in Jefferson Davis Parish, Louisiana to the Atlantic Coast Conservancy, Inc., but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9.

10. The United States admits that Plaintiff claimed a deduction for the donation of the easement on its 2018 partnership return, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10.

11. The United States admits that on January 17, 2025, the IRS issued the FPA to Plaintiff disallowing certain deductions for 2018.

12. The United States admits that the FPA includes the determination of an imputed underpayment under 26 U.S.C. § 6225 and denies the remaining allegations in paragraph 12.

13. The United States admits that the FPA includes an estimate of interest on the imputed underpayment under 26 U.S.C. §§ 6233 and 6601 and denies the remaining allegations in paragraph 13.

14. The United Stated admits the FPA includes the assertion of civil fraud penalties under 26 U.S.C. § 6663 against the Plaintiff for the tax year ending 2018, and, in the alternative, asserts gross valuation penalties, negligence penalties, and substantial understatement of income tax penalties and denies the remaining allegations in paragraph 14.

15. The United Stated admits the allegations in paragraph 15 except to the extent it implies IRS did not identify the grounds for civil fraud penalty.

16. The United Stated admits the allegations in paragraph 16.

## LEGAL LANDSCAPE

17. The United States admits the Fifth Amendment to the United States Constitution guarantees no person shall be deprived of life, liberty, or property, without due process of law and that the Seventh Amendment preserves the right of a jury trial for suits at common law. The United States further answers that there was no right at common law to bring suit against the sovereign and, therefore, no Seventh Amendment right to a jury trial unless the United States consents to be sued.

18. The United States admits that the Seventh Amendment applies to certain civil penalties asserted by an administrative agency, but denies that the Seventh Amendment applies to the penalties at issue here.

19. The United States admits the allegations in paragraph 19.

20. The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

## FIRST CLAIM FOR RELIEF:
## DECLARATION REGARDING FRAUD PENALTIES

21. The United States incorporates its responses to the other allegations of the Complaint by reference.

22. The United States denies the allegations in paragraph 22.

23. The United States admits the allegations in paragraph 23.

24. The United States denies the allegations in paragraph 24.

25. The United States admits that the fraud penalty asserted in the FPA is civil and legal and legal in nature, and denies the remaining allegations in paragraph 25.

26. The United States denies the allegations in paragraph 26.

27. The United States denies the allegations in paragraph 27.

28. The United States denies the allegations in paragraph 28.

## SECOND CLAIM FOR RELIEF:
## DECLARATION REGARDING VALUATION PENALTIES

29. The United States incorporates its responses to the other allegations of the Complaint by reference.

30. The United States denies the allegations in paragraph 30.

31. The United States admits the allegations in paragraph 31.

32. The United States denies the allegations in paragraph 32.

33. The United States admits that the valuation penalty asserted in the FPA is civil and legal and legal in nature, and denies the remaining allegations in paragraph 33.

34. The United States denies the allegations in paragraph 34.

35. The United States denies the allegations in paragraph 35.

36. The United States denies the allegations in paragraph 36.

### THIRD CLAIM FOR RELIEF: INJUNCTION

37. The United States incorporates its responses to the other allegations of the Complaint by reference.

38. The United States denies the allegations in paragraph 38 because the asserted constitutional right does not apply in this context, so Plaintiff is uninjured.

39. The United States denies the allegations in paragraph 39.

40. The United States denies the allegations in paragraph 40.

41. The United States denies the allegations in paragraph 41.

42. The United States denies the allegations in paragraph 42.

### FOURTH CLAIM FOR RELIEF: MANDAMUS

43. The United States incorporates its responses to the other allegations of this complaint herein by reference.

44. The United States denies the allegations in paragraph 44.

45. The United States admits the allegations in paragraph 45.

46. The United States denies the allegations in paragraph 46.

### PRAYER FOR RELIEF

The United States denies that Plaintiff is entitled to any of the relief listed in its prayer for relief.

## UNITED STATES OF AMERICA'S AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' suit. The Anti-Injunction Act, 26 U.S.C. § 7421(a), specifically bars any "suit for the purpose of restraining the assessment or collection of any tax." The federal tax exception to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), bars the Court from entering a declaratory judgment "with respect to Federal taxes." On or about April 14, 2025, Plaintiff filed a petition for readjustment for its 2018 tax year with the United States Tax Court. Due to that petition, under 26 U.S.C. § 6234(c), the Tax Court has exclusive "jurisdiction to determine . . . the applicability of any penalty, addition to tax, or additional amount for which the partnership may be liable under this subchapter." Plaintiff's argument goes to the applicability of the penalties and therefore must be heard by the Tax Court.

**Wherefore**, United States asks that Plaintiffs take nothing on their complaint, the United States be granted its costs in defending this action, and the Court award the United States any other or further relief that may be warranted.

Dated: June 6, 2025                                   Respectfully Submitted,

/s/ Bensen V. Solivan
Bensen V. Solivan
Massachusetts Bar No. 657364
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
Telephone: (202) 514-8031
Facsimile: (202) 514-4963
E-Mail: Bensen.Solivan@usdoj.gov
*Attorney for the United States*

*Of Counsel:*

Alexander C. Van Hook
Acting United States Attorney
Western District of Louisiana

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing document was electronically filed on June 6, 2025, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

<u>/s/ Bensen V. Solivan</u>
Bensen V. Solivan