UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **NORCAVE PROPERTIES, LLC,**<br>    Plaintiff<br><br>versus<br><br>**INTERNAL REVENUE SERVICE,**<br>    Defendant | **CIVIL ACTION NO. 2:25-CV-00398**<br><br>**DISTRICT JUDGE JAMES D. CAIN, JR.**<br><br>**MAG. JUDGE THOMAS P. LEBLANC** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR JUDGMENT ON THE PLEADINGS**

The parties agree that the IRS has asserted penalties and that it has not allowed a jury trial to determine whether Plaintiff Norcave Properties, LLC is liable for those penalties. This approach is contrary to the Seventh Amendment to the United States Constitution, as interpreted by both the Supreme Court and the Fifth Circuit. Accordingly, this is one of the rare instances in which judgment on the pleadings should be granted.

**I.   UNDISPUTED FACTS**

Based on the pleadings, the following facts are undisputed:

- The IRS is responsible for administering and enforcing internal revenue laws, which includes imposing certain civil penalties against taxpayers. (Compl. ¶ 5; Ans. ¶ 5).

- The IRS has a duty to ensure that taxpayers' constitutional rights are protected in the assessment of penalties. (Compl. ¶ 45; Ans. ¶ 45).

- On January 17, 2025, the IRS issued a notice to Norcave purporting to disallow its reported charitable deduction and to assert civil penalties. (Compl. ¶¶ 2, 11; Ans. ¶¶ 2, 11).

- Through its notice, the IRS has sought to impose civil fraud penalties, gross valuation penalties, negligence penalties, and substantial understatement of income tax penalties. (Compl. ¶¶ 14–16; Ans. ¶¶ 14–16).

- The fraud penalties that the IRS seeks to impose are civil and legal in nature; they are not based in equity or admiralty. (Compl. ¶¶ 23, 25; Ans. ¶¶ 23, 25).

- The valuation penalties that the IRS seeks to impose are civil and legal in nature; they are not based in equity or admiralty. (Compl. ¶¶ 31, 33; Ans. ¶¶ 31, 33).

- Regardless of whether Norcave challenges the IRS's attempted imposition of penalties in Tax Court, the Court of Federal Claims, or a United States District Court, it will not have the opportunity for a jury trial. (Compl. ¶ 19; Ans. ¶ 19).

## II. ARGUMENT

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate when "there are no disputed issues of material fact and only questions of law remain." *United States v. 0.073 Acres of Land*, 705 F.3d 540, 543 (5th Cir. 2013).

Here, judgment on the pleadings is appropriate because Norcave has a right to challenge the IRS's assertion of penalties before a jury. The Seventh Amendment to the United States Constitution dictates that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." As the Supreme Court recently reaffirmed, "[t]he right to trial by jury is 'of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right' has always been and 'should be scrutinized with the utmost care.'" *SEC v. Jarkesy*, 603 U.S. 109, 121 (2024) (quoting *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935)). In *Jarkesy*, the Court held that the SEC violated the Seventh

Amendment by seeking fraud penalties through an internal enforcement action. *Id.* at 120–21. The Court reiterated that a party "facing a fraud suit has the right to be tried by a jury of his peers before a neutral adjudicator." *Id.* at 140.

The Fifth Circuit recently followed the Supreme Court's lead and held that monetary penalties asserted by the FCC were a legal remedy and therefore required determination by a jury. *AT&T, Inc. v. FCC*, 135 F.4th 230, 242 (5th Cir. 2025). There, the FCC engaged in an internal investigation, concluded that the plaintiff had violated federal law, and asserted $57 million in penalties. *Id.* at 235. Because the penalties were "money damages designed to 'punish or deter' violators," they were subject to the Seventh Amendment. *Id.* at 236. Further, the claim at issue was "analogous to common law negligence." *Id.* at 237. Thus, the Fifth Circuit held that the FCC can only enforce the law "consistent with our Constitution's guarantees of an Article III decisionmaker and a jury trial." *Id.* at 242; *see also Texas v. Google LLC*, No. 4:20-CV_957-SDJ, 2025 WL 1713256, at *3 (E.D. Tex. June 18, 2025) ("The Seventh Amendment therefore applies to determining liability for civil-penalty remedies.").

The Supreme Court and the Fifth Circuit have made clear that agencies cannot avoid the Seventh Amendment when they impose penalties. Instead, they must act within the appropriate bounds otherwise guaranteed in Article III courts. Here, the IRS's imposition of civil fraud penalties and valuation misstatement penalties, which are legal in nature, without affording Norcave its Seventh Amendment right to a jury trial, contravenes binding law. This Court should, therefore, grant the motion for judgment on the pleadings.

**A.      The parties agree that the penalties are legal in nature.**

The Seventh Amendment applies to penalties that are "not of equity or admiralty jurisdiction." *Jarkesy*, 603 U.S. at 122. In other words, it applies to claims are that "legal in nature." *Id.* (citing *Granfinanciera, S. A. v. Nordberg*, 492 U.S. 33, 53 (1989)). A claim is "legal in nature"

3

if 1) it resembles common law causes of action, and 2) the remedy is the sort that was traditionally obtained in a court of law. *Jarkesy*, 603 U.S. at 122–23.

Here, the IRS admits that the asserted penalties against Norcave are civil and legal in nature. (Ans. ¶¶ 23, 25, 31, 33). The IRS's concession makes sense, because "(a)ctions by the Government to recover civil penalties under statutory provisions … historically ha[d] been viewed as [a] type of action in debt requiring trial by jury." *Id.* at 122. Money damages, regardless of whether they are statutory, "are the prototypical common law remedy." *Id.* at 123.

The IRS's civil fraud penalty is equal to 75 percent of a taxpayer's underpayment of tax. 26 U.S.C. § 6663(a). According to the title of the statute, this amount is a "fraud penalty," not a tax. *Id.* The IRS also seeks to impose a "penalty" on an underpayment of tax attributable to a valuation misstatement. (Compl. ¶¶ 14, 16; Ans. ¶¶ 14, 16). As with the fraud penalty, this amount is not a tax, but instead an accuracy-related penalty. 26 U.S.C. § 6663. Such penalties are common-law remedies. *Jarkesy*, 603 U.S. at 125.

Further, the penalties are designed to punish or deter the alleged wrongdoer. Remedies that are punitive, rather than remedial, are those traditionally obtained in a court of law and are protected under the Seventh Amendment. *AT&T*, 135 F.4th at 236–37. Only courts of law have traditionally "issued monetary penalties to punish culpable individuals." *Jarkesy*, 603 U.S. at 123 (internal quotation omitted); *see also In re Tsay JBR LLC*, 136 F.4th 1176, 1180 (9th Cir. 2025) (holding that a defendant was entitled to a jury trial because the relief sought under a California statute was "a penalty that advances punitive and deterrent purposes").

Norcave understands the IRS's reluctance to allow taxpayers the right to a jury trial. However, that reluctance cannot be a basis to negate the Seventh Amendment. "The Constitution's promises of due process and a jury trial … are not exactly tools of expedition, but they foster

4

thoughtful deliberation and help us ensure that we reach the right answers when we need them most." *Utah v. Su*, 109 F.4th 313, 321 (5th Cir. 2024).

**B.     The public rights exception does not trump the Seventh Amendment.**

Although admitting that the penalties are civil and legal in nature, the IRS asserts that "[t]here is no constitutional right to a jury trial in matters encompassed within the public rights exception to the Seventh Amendment." (Ans. ¶ 1). That is true as far as it goes, but that limited exception has no applicability here.

The exception allows Congress "to assign certain matters to agencies for adjudication even though such proceedings would not afford the right to a jury trial." *Jarkesy*, 603 U.S. at 120. But the exception only applies to "distinctive areas involving governmental prerogatives" in which a matter can be resolved without a jury. *Id.* Specifically, the exception is limited to matters that "historically could have been determined exclusively by [the executive and legislative] branches." *Id.* at 128 (brackets in original).

Notably, if a suit "is in the nature of an action at common law, then the matter presumptively concerns private rights." *Id.* And "what matters is the substance of the suit, not where it is brought, who brings it, or how it is labeled." *Id.* at 135. Because the claims in *Jarkesy* were "modeled on common law fraud" and provided "a type of remedy available only in law courts," the exception did not apply. *Id.* at 136.

So too here. The IRS has admitted that the remedies are legal in nature. Separate and apart from the *tax* (which may be a public right), this case is solely about *penalties*. The issue here is whether the IRS can obtain penalties against Norcave for fraud or misvaluation. "This is a common law suit in all but name." *Id.* Therefore, the public rights exception does not apply.

5

## C. This Court has jurisdiction to determine this issue related to penalties.

As an "affirmative defense," the IRS asserts that this suit is barred by the Anti-Injunction Act and a limitation in the Declaratory Judgment Act. (Ans. p. 6). But to the extent that issue is properly before the Court, the IRS is wrong. Those statutes only apply to actions about a *tax*—not a penalty. *See* 26 U.S.C. § 7421(a) (barring suits "for the purpose of restraining the assessment or collection of any *tax*") (emphasis added); 28 U.S.C. § 2201(a) (precluding declaratory judgments "with respect to Federal *taxes*") (emphasis added).

The Supreme Court has addressed this issue and held that the Anti-Injunction Act does not preclude suits unrelated to the assessment or collection of taxes. *CIC Servs., LLC v. IRS*, 593 U.S. 209 (2021). There, the Court permitted a suit to proceed that challenged the legality of IRS Notice 2016-66, which subjected taxpayers and their advisors "to stiff penalties." *Id.* at 214. If a suit is not for the purposes listed in the statute, "it can go forward." *Id.* at 216.

In this suit, as in *CIC Services*, Norcave "targets the upstream" imposition of penalties without the right to a jury trial, "not the downstream tax." *Id.* at 223. Norcave's suit targets its constitutional rights to defend against the assertion of penalties, not the IRS's right to assess taxes themselves. Indeed, Norcave's requested relief "does not run against a tax at all" but rather "contests, and seeks relief from, a separate legal mandate." *See id.*

The IRS's authority to collect taxes and interest is not an issue before the Court. This suit only relates to a taxpayer's right to a jury trial when the IRS asserts penalties.

## CONCLUSION

For the foregoing reasons, Norcave's motion for judgment on the pleadings should be granted.

This 25th day of July 2025.

          Respectfully submitted,

          FOX ROTHSCHILD LLP

          *s/John G. Yadamec*
          John G. Yadamec
          La. Bar Roll No. 37928
          2501 N. Harwood St., Suite 1800
          Dallas, TX 75201
          (972) 991-0889    Phone
          (972) 404-0516    Fax
          jyadamec@foxrothschild.com

          Meeren Amin (admitted pro hac vice)
          2020 K St. NW, Suite 500
          Washington, DC 20011
          (202) 461-3100    Phone
          (202) 461-3102    Fax
          mamin@foxrothschild.com

          Kip D. Nelson (admitted pro hac vice)
          230 N. Elm St., Suite 1200
          Greensboro, NC 27401
          (336) 378-5200    Phone
          (336) 378-5400    Fax
          knelson@foxrothschild.com

          *Counsel for Plaintiff*
          *Norcave Properties, LLC*