IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| NORCAVE PROPERTIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | CASE NO. 2:25-cv-00398 <br><br> DISTRICT JUDGE JAMES D. CAIN, JR. <br><br> MAG. JUDGE THOMAS P. LEBLANC |

**UNITED STATES' MEMORANDUM OF LAW IN OPPOSITION TO NORCAVE'S MOTION FOR JUDGMENT ON THE PLEADINGS AND IN SUPPORT OF THE UNITED STATES' CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS**

BENSEN V. SOLIVAN
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
Telephone: (202) 514-8031
Facsimile: (202) 514-4963
E-Mail: Bensen.Solivan@usdoj.gov
*Attorney for the United States*

*Of Counsel:*

ALEXANDER C. VAN HOOK
Acting United States Attorney
Western District of Louisiana

## TABLE OF CONTENTS

TABLE OF AUTHORITIES………………………………………………………………..ii

I. STATEMENT OF FACTS ................................................................................................... 1

II. LEGAL BACKGROUND: PARTNERSHIP PENALTIES ................................................... 2

III. ARGUMENT......................................................................................................................... 4

    A. The Anti-Injunction Act Bars this Suit................................................................................ 4

    B. The Declaratory Judgment Bars this Court from Entering a Declaratory Judgment with Respect to Federal Taxes....................................................................................................... 8

    C. No constitutional right to a jury trial in matters concerning the collection of revenue, which generally fall under the "public rights" exception to the Seventh Amendment............... 9

    D. There Is No Constitutional Right to a Jury Trial in Suits Against the Sovereign ..............11

IV. CONCLUSIONS & PRAYER ............................................................................................ 12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bob Jones University v. Simon*,
    416 U.S. 725 (1974)……………………………………………………………………5, 9

*Bull v. United States*,
    295 U.S. 247 (1935)…………………………………………………………………...10

*Cheatham v. United States*,
    92 U.S. (2 Otto) 85 (1875)……………………………………………………………10

*CIC Servs., LLC v. IRS*,
    593 U.S. 209 (2021)……………………………………………………………6, 7, 8

*Doe v. MySpace Inc.*,
    528 F.3d 413 (5th Cir. 2008)……………………………………………………….4

*Enochs v. Williams Packing & Navigation Co.*,
    370 U.S. 1 (1962)……………………………………………………………………5

*F.A.A. v. Cooper*,
    566 U.S. 284 (2012)…………………………………………………………………...12

*Ferguson v. Extraco Mortg. Co.*,
    264 Fed. Appx. 351 (5th Cir. 2007)……………………………………………….2

*Galloway v. United States*,
    319 U.S. 372 (1943)…………………………………………………………………...12

*Glidden v. Zdanok*,
    370 U.S. 530 (1962)…………………………………………………………………...12

*Helvering v. Mitchell*,
    303 U.S. 391 (1938)…………………………………………………………………...11

*Hughes v. Tobacco Inst., Inc.*,
    278 F.3d 417 (5th Cir. 2001)……………………………………………………….4

*Ianniello v. Commissioner*,
    98 T.C. 165 (1992)………………………………………………………………….11

*In re Westmoreland Coal Co.*,
  968 F.3d 526 (5th Cir. 2020)……………………………………………………………5

*Kirk v. Commissioner*,
  179 F.2d 619 (1st Cir. 1950)…………………………………………………………...11

*Lee v. Commissioner*,
  227 F.2d 181 (5th Cir. 1955)…………………………………………………………..11

*Lehman v. Nakshian*,
  453 U.S. 156 (1981)…………………………………………………………………...12

*Lewis v. Clarke*,
  581 U.S. 155 (2017)…………………………………………………………………...12

*Mathes v. Commissioner*,
  576 F.2d 70 (5th Cir. 1978)……………………………………………………………..4

*McCabe v. Alexander*,
  526 F.2d 963 (5th Cir. 1976)…………………………………………………………....9

*McElrath v. United States*,
  102 U.S. (12 Otto) 426 (1880)………………………………………………………...12

*Murray's Lessee v. Hoboken Land & Improvement Co.*,
  59 U.S. (18 How.) 272 (1856)……………………………………………………..10, 11

*Nat'l Fed'n of Indep. Bus. v. Sebelius*,
  567 U.S. 519 (2012)………………………………………………………………….5, 6

*Norcave Properties, LLC  v. Commissioner*,
  U.S. Tax Court Docket No. 4753-25……………………………………………………2

*Rivero v. Fid. Invs., Inc.*,
  1 F.4th 340 (5th Cir. 2021)……………………………………………………………...9

*Scott-Burr Stores Corp. v. Wilcox*,
  194 F.2d 989 (5th Cir. 1952)……………………………………………………………9

*SEC v. Jarkesy*,
  603 U.S. 109 (2024)……………………………………………………………..9,10, 11

*Segal v. Commissioner*,
  177 F. App'x. 29  (11th Cir. 2006)…………………………………………………….12

*SN Worthington Holdings LLC v. Commissioner*,
    162 T.C. 228 (2024)……………………………………………………………………….2

*Stern v. Marshall*,
    564 U.S. 462 (2011)……………………………………………………………………...10

*United States v. McMahan*,
    569 F.2d 889 (5th Cir. 1978)…………………………………………………………..4, 11

*United States v. Sherwood*,
    312 U.S. 584 (1941)……………………………………………………………………...12

*Waller v. Hanlon*,
    922 F.3d 590 (5th Cir. 2019)………………………………………………………………4

*Wickwire v. Reinecke*,
    275 U.S. 101 (1927)……………………………………………………………………...10

**Constitution**

U.S. Const. Amend. VII …………………………………………………………………………..9

**Statutes**

26 U.S.C. § 6221………………………………………………………………………………….2

26 U.S.C. § 6225………………………………………………………………………………….2

26 U.S.C. § 6226…………………………………………………………………………………..3

26 U.S.C. § 6232…………………………………………………………………………………..3

26 U.S.C. § 6233………………………………………………………………………………..…2

26 U.S.C. § 6234……………………………………………………………………………1, 3, 8, 11

26 U.S.C. § 6662………………………………………………………………………………...5

26 U.S.C. § 6663……………………………………………………………………………1, 5, 11

26 U.S.C. § 6664………………………………………………………………………………….4

26 U.S.C. § 6665……………………………………………………………………………5, 6, 11

26 U.S.C. § 6671…………………………………………………………………………...…..5, 6

26 U.S.C. § 7421……………………………………………………………………………...…..5, 6

26 U.S.C. § 7428………………………………………………………………………………...…..8

28 U.S.C. § 1346………………………………………………………………………………...…..4

28 U.S.C. § 2201……………………………………………………………………………...…..8, 9

28 U.S.C. § 2402…………………………………………………………………………………….4

Bipartisan Budget Act of 2015 (BBA), Pub. L. No. 114-74……………………………………….2

Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. No. 97-248……………….2

**Other**

26 C.F.R. § 301.6226-1………………………………………………………………………………3

26 C.F.R. § 301.6226-3……………………………………………………………………………3, 4

26 C.F.R. § 301.6233(a)-1……………………………………………………………………...2

IRS Notice 2016-66…………………………………………………………………………….6, 7

Defendant the United States brings this Memorandum in Opposition to Plaintiff Norcave Properties, LLC's Motion for Judgment on the Pleadings (ECF 13) and in Support of the United States' Rule 12(c) Cross-Motion for Judgement on the Pleadings seeking dismissal with prejudice of all claims against it. Norcave seeks injunctive, declaratory, and mandamus relief to restrain the Internal Revenue Service from assessing and collecting civil penalties. But its claims fail as a matter of law as they are barred by clear jurisdictional statutes and constitutional principles. Judgment on the pleadings in favor of the United States is warranted in this case under Fed. R. Civ. P. 12(c).

## I. STATEMENT OF FACTS

1. In 2018 Norcave purported to donate cash and a conservation easement on approximately 323 acres of land in Jefferson Davis Parish, Louisiana to a charitable organization. (Compl. ¶ 9; Ans. ¶ 9).

2. On its 2018 partnership return, Norcave reported a deduction for its purported charitable donation. (Compl. ¶ 10; Ans. ¶ 10).

3. On January 17, 2025, the IRS issued a Notice of Final Partnership Adjustment ("FPA") to Norcave disallowing the referenced charitable deductions for 2018. (Compl. ¶ 11; Ans. ¶ 11).

4. The FPA asserted civil fraud penalties under 26 U.S.C. § 6663 against Norcave for the 2018 tax year, and, in the alternative, asserted gross valuation penalties, negligence penalties, and substantial understatement of income tax penalties. (Compl. ¶¶ 14, 15, 16; Ans. ¶ 14, 15, 16).

5. On April 14, 2025, Norcave, through its Partnership Representative, filed a Petition with the United States Tax Court under 26 U.S.C. § 6234(a) for a readjustment of the

January 17, 2025 FPA including the penalties at issue in this complaint. *Norcave Properties, LLC v. Commissioner*, U.S. Tax Court Docket No. 4753-25; Fed. R. Evid. 201 (permitting judicial notice); *Ferguson v. Extraco Mortg. Co.*, 264 Fed. Appx. 351, 352 (5th Cir. 2007) (per curiam) (observing that judicial notice is appropriate to establish the fact of related litigation).

## II.     LEGAL BACKGROUND: PARTNERSHIP PENALTIES

This is a case about tax penalties against a partnership. Congress enacted the procedure for those penalties in the Bipartisan Budget Act of 2015 (BBA), Pub. L. No. 114-74, 129 Stat. 584.[1] The BBA provides a centralized method for auditing, adjusting, assessing, and collecting income tax from partnerships and their partners. The BBA procedures are intended to streamline the audit process for partnerships by allowing audits, adjustments, and payments to all occur at the partnership level. *See* 26 U.S.C. § 6221(a); *SN Worthington Holdings LLC v. Commissioner*, 162 T.C. 228, 233 (2024). Under 26 U.S.C. § 6221(a), any adjustment to a partnership-related item, including the applicability of any penalty, is determined at the partnership level. The tax attributable to those adjustments is presumptively assessed and collected at the partnership level in the form of an "imputed underpayment" pursuant to 26 U.S.C. § 6225. The partnership, not the partners, is liable for the penalty. 26 U.S.C. § 6233(a)(1)(B); 26 C.F.R. § 301.6233(a)-1(a)(2), (c). If the partnership fails to pay the imputed underpayment or a penalty, the IRS may assess the

---

[1] The BBA amended the Internal Revenue Code by striking the partnership procedure provisions of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. No. 97-248, §§ 401-407, 96 Stat. 324, 648-71 and enacting new provisions using many of the same Code section numbers as TEFRA. BBA § 1101(a), (c)(1), 129 Stat. at 625. The BBA generally applies for taxable years beginning after December 31, 2017, *see* BBA § 1101(g)(1), 129 Stat. at 638.

2

unpaid amount against the partners in proportion to each partner's distributive share. 26 U.S.C. § 6232(f)(1)(B), (f)(3).

After an examination, if any adjustments are made and an agreement cannot be reached by the parties, the IRS will ultimately issue the partnership a Notice of Final Partnership Adjustment, or FPA. At this juncture the partnership may file a petition for a readjustment with the Tax Court, the district court of the United States for the district in which the partnership's principal place of business is located, or the Court of Federal Claims. 26 U.S.C. § 6234(a). If the partnership opts for either the district court or the Court of Federal Claims it is required to deposit with the Secretary of the Treasury the imputed underpayment, penalties, additions to tax, and additional amounts with respect to such imputed underpayment. 26 U.S.C. § 6234(b)(1). The Tax Court option does not require such a deposit.

The partnership may also elect to "push out" the audit adjustments underlying the imputed underpayment amount to its partners rather than make a payment itself. 26 U.S.C. § 6226. As part of a push-out election, the partnership representative must submit push-out statements to its partners and to the IRS. § 6226(a)(2). Once a partner receives his push out statement the partner must calculate and report the tax impact of these adjustments. § 6226(b). A penalty imposed against the partnership can also be pushed out to the partners for payment. § 6226(c)(1); 26 C.F.R. § 301.6226-1(b)(1); 26 C.F.R. § 301.6226-3(d).

A partner may have partner-level defenses to certain adjustments. 26 C.F.R. § 301.6226-3(d)(3). A partner claiming that a penalty, addition to tax, or additional amount that relates to a partnership adjustment is not due because of a partner-level defense, the partner may pay the penalty and file a claim for refund. *Id*. Partner-level defenses are limited to those that are

3

personal to the individual partner, such as the reasonable cause and good faith defense under Section 6664(c), which depends on the partner's specific facts and circumstances. *Id*.

Whether the IRS assesses the unpaid amount against the partners in proportion to each partner's distributive share or the partnership opts to push out the audit adjustments to its partners, the partners may obtain a jury trial if they pay the tax or penalty owed and sue for a refund in district court. 28 U.S.C. §§ 2402 and 1346(a)(1); *Mathes v. Commissioner*, 576 F.2d 70, 71-72 (5th Cir. 1978) (holding there is a right to a jury trial in actions against the United States only if a statute so provides, therefore in order for a taxpayer to obtain a trial by jury, he must pay the tax allegedly owed and sue for a refund in district court.). Instead, if the partner refuses to pay the tax or penalty assessment, and the United States sues for a money judgment, the partner will similarly still have a right to a jury trial in this scenario. *See United States v. McMahan*, 569 F.2d 889, 891 (5th Cir. 1978).

### III.     ARGUMENT

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The standard for Rule 12(c) motions for judgment on the pleadings is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim." *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe v. MySpace Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (quoting *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). Here, even taking the facts in the complaint as true, Norcave cannot show that this Court has subject matter jurisdiction—and even if the Court does, Norcave would not be entitled to relief.

A. **The Anti-Injunction Act Bars this Suit**

The Anti-Injunction Act, 26 U.S.C. § 7421(a), specifically bars any "suit for the purpose of restraining the assessment or collection of any tax." The AIA is strictly enforced. *See Bob Jones University v. Simon*, 416 U.S. 725 (1974). And "[w]hen the AIA applies, it divests courts of subject-matter jurisdiction." *In re Westmoreland Coal Co.*, 968 F.3d 526, 533 (5th Cir. 2020). The purpose of the Act is to protect the Government's "need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference and 'to require that the legal right to the disputed sums be determined in a suit for a refund.'" *Bob Jones,* 416 U.S. at 736 (quoting *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962)).

Ignoring black-letter law, Norcave claims the AIA does not apply because it is challenging the assessment of a penalty, not a tax. (ECF 14 at 6.) For purposes of the AIA, though, the penalties asserted in Norcave's FPA are treated just like any tax. Valuation misstatement penalties and understatement of tax penalties are located in 26 U.S.C. § 6662. Civil fraud penalties are located in 26 U.S.C. § 6663. Both are in Chapter 68 of the Internal Revenue Code. 26 U.S.C. § 6665 coordinates rules for tax penalties found in Chapter 68. It provides that "any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the additions to the tax, additional amounts, and penalties provided by" Chapter 68. § 6665(a)(2). Because the AIA is in "this title" (i.e., Title 26), its reference to "tax" thus also refers to penalties in Chapter 68. *See* 26 U.S.C. § 7421(a). And because the AIA bars suits to restrain the assessment of a "tax," it also bars suits to restrain the assessment of civil fraud penalties.

Valuably, the Supreme Court has already addressed Congress's freedom to label something a "penalty" while requiring it to be treated as a "tax" under the AIA. *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 544-45 (2012). And to illustrate its point, the Court discussed § 6671(a), which is nearly identical to the above referenced § 6665(a)(2):

5

> Congress can, of course, describe something as a penalty but direct that it nonetheless be treated as a tax for purposes of the Anti-Injunction Act. For example, 26 U.S.C. § 6671(a) provides that "any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the penalties and liabilities provided by" Subchapter 68B of the Internal Revenue Code. Penalties in Subchapter 68B are thus treated as taxes under Title 26, which includes the Anti-Injunction Act.

*Id*. And in 2021, the Supreme Court reiterated that because of § 6671(a) (the counterpart to our § 6665(a)(2)), the penalties at issue "[were] 'deemed' to be 'tax[es]' for purposes of the Code—including the Anti-Injunction Act. §6671(a). So, again, the civil penalties for violating Notice 2016-66 are *tax* penalties, and must be treated as such." *CIC Servs., LLC v. IRS*, 593 U.S. 209, 214 (2021) (alteration and emphasis in original).

Next, even though the penalties are treated as taxes for purposes of the AIA and its Complaint literally requests the Court to "[e]njoin the IRS from pursuing any penalties against Norcave" unless it is afforded a jury trial (ECF 1 at 6), Norcave claims that its suit does not "target" "the IRS's right to assess taxes" (ECF 14 at 6). Norcave attempts to draw an analogy between its case and *CIC Services*, but its comparison falls well short. *CIC Servs*., 593 U.S. 209.

In *CIC Services*, the plaintiff filed a complaint challenging IRS Notice 2016-66 as invalid under the Administrative Procedure Act and asked the District Court to enjoin the IRS's enforcement of the Notice. *Id*. IRS Notice 2016-66 imposed reporting obligations on "material advisors" involved in certain insurance transactions. *Id*. The consequences for noncompliance included civil and criminal penalties. *Id*. The government sought to dismiss the action as barred by the AIA. *Id*.

The Court reasoned that since the AIA prohibits suits for the purpose of restraining the assessment or collection of any tax: "If CIC's suit is not for that purpose, it can go forward. If the suit is for that purpose, it must be dismissed." *Id*. at 216. "In considering a 'suit['s] purpose,'

6

we inquire *not* into a taxpayer's subjective motive, but into the action's objective aim—essentially, the relief the suit requests." *Id*. at 217 (emphasis added). CIC's complaint contested the legality of Notice 2016-66, the statutory tax penalty that served as one way to enforce it. *Id*. at 219. CIC's complaint alleged that the Notice is procedurally and substantively flawed. *Id*. at 219. It brought no legal claim against the separate statutory tax. *Id*. at 219. And CIC's complaint asked for injunctive relief from the Notice's reporting rules, not from any impending or eventual tax obligation. *Id*. at 219. Conversely, Norcave in its complaint requests this Court "[e]njoin the IRS from pursuing any penalties against Norcave…" (ECF 1 at 6).

Three other factors, none of which are remotely applicable to Norcave, also helped convince the Supreme Court that the suit by CIC was about Notice 2016-66 and was not a tax action "in disguise." *CIC Servs.,* 593 U.S. at 219-220. First, the Notice imposed affirmative reporting obligations which would cost the plaintiff hundreds of hours of labor and tens of thousands of dollars per year. This imposed a cost on CIC outside of its status as a potential taxpayer that is separate and apart from any tax. *Id.* at 220. Second, the Notice's reporting rule and the statutory tax penalty were several steps removed from each other. *Id.* Specifically, at the time it filed its suit, CIC had not withheld any information required by the Notice; IRS had not determined a violation had occurred; and the IRS had not decided to impose a tax penalty. *Id.* In the case of Norcave, the IRS had already decided to impose a penalty and had issued the FPA asserting them when Norcave filed this suit to enjoin the IRS. The petitioner in *CIC Services* stood "nowhere near the cusp of tax liability." *Id.* at 221. Norcave, by contrast, is very close. Third, violation of Notice 2016-66 was punishable not only by a tax, but by separate criminal penalties. *Id*. at 221. To challenge the Notice would have required CIC to break the law and face criminal penalties so it could pay the tax and then bring a refund suit. *Id*. at 221-222. Norcave

7

would not have to intentionally violate any law and risk criminal penalties. The alleged conduct that underlies the penalty has already occurred and the penalties were already asserted in the Norcave FPA.

*CIC* also differs from the case at bar because the information sought by the IRS in that case related to CIC's clients, *i.e.*, the taxpayers and taxes that the IRS was primarily focused on were not CIC. *Id*. at 226-27 ("the answer might be different if CIC Services were a taxpayer instead of tax advisor") (Sotomayor, J., concurring). And unlike in CIC, the tax penalty here does not arise from failing to comply with a regulation, but directly from statute. *Compare id*. at 225 (focus of suit is regulation) *with* ECF 1 at 14-16 (focus of complaint is statutory penalties).

By dismissal of this action Norcave is not left without a remedy. As explained above, under 26 U.S.C. § 6234(a), a partnership may file a petition for a readjustment of any partnership taxable year within 90 days after a FAP is mailed. On or about April 14, 2025, Norcave availed itself of its rights and filed its petition for readjustment for its 2018 tax year with the United States Tax Court. Consequently, Norcave's election, the Tax Court has "jurisdiction to determine…the applicability of any penalty, addition to tax, or additional amount for which the partnership may be liable under this subchapter." 26 U.S.C. § 6234(c).

### B. The Declaratory Judgment Bars this Court from Entering a Declaratory Judgment with Respect to Federal Taxes

Two counts of Norcave's Complaint seek a declaratory judgment, rather than an injunction. However, under the express language of the Declaratory Judgment Act, 28 U.S.C. § 2201(a), a federal district court cannot entertain a declaratory judgment action involving taxpayers' federal tax assessments. Section 2201(a) provides:

> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* other than actions brought under section 7428 of the Internal Revenue Code of 1986 … any court of the United States, upon the filing of an

8

appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

§ 2201(a) (emphasis added). The general purpose of the Declaratory Judgment Act is to settle actual controversies before they ripen into violations of law or a breach of duty. *Scott-Burr Stores Corp. v. Wilcox*, 194 F.2d 989 (5th Cir. 1952). But "[t]he DJA prohibits courts from providing declaratory relief with respect to federal taxes; that prohibition is jurisdictional." *Rivero v. Fid. Invs.*, Inc., 1 F.4th 340, 346 (5th Cir. 2021).

The Supreme Court noted that "[t]here is no dispute . . . that the federal tax exception to the Declaratory Judgment Act is at least as broad as the Anti-Injunction Act." *McCabe v. Alexander*, 526 F.2d 963, 965 (5th Cir. 1976) (quoting *Bob Jones Univ.*, 416 U.S. at 732 n.7 (internal quotation marks omitted)). Because the AIA blocks the injunctive relief Norcave seeks, the Declaratory Judgment Act likewise blocks declaratory relief. *See McCabe*, 526 F.2d at 965 ("Having found the Anti-Injunction Act applicable, we necessarily conclude that no declaratory relief is available.").

C. **No constitutional right to a jury trial in matters concerning the collection of revenue, which generally fall under the "public rights" exception to the Seventh Amendment**

The Seventh Amendment "preserve[s]" the right to trial by jury, but only in "Suits at common law." U.S. Const. Amend. VII. To determine whether a case qualifies as such the Supreme Court has consistently drawn a distinction between cases involving private rights and those involving public rights. *SEC v. Jarkesy*, 603 U.S. 109, 127-28 (2024). Cases concerning private rights are those that a litigant has the right to have decided by an Article III court. *Id*. By contrast, cases concerning public rights are those that "'historically could have been determined

9

exclusively by [the executive and legislative] branches'" and to which the Seventh Amendment rights do not attach. *Id.* at 128 (quoting *Stern v. Marshall*, 564 U.S. 462, 493 (2011)).

Matters encompassed within the public rights exception to the Seventh Amendment include, among other things, immigration law, administration of public lands, and granting of public benefits. *Jarkesy*, 603 U.S. at 129-30. Relevant here, the public rights exception also includes matters concerning the collection of revenue. *Id.* at 128-29. Indeed, such matters represent the core of the public rights exception, as they were the first category of public rights recognized by the Supreme Court and "flow[ ] from centuries-old rules concerning revenue collection by the sovereign" via summary, non-judicial proceedings. *Id.* at 128-29, 131 (citing *Murray's Lessee v. Hoboken Land & Improvement Co.*, 59 U.S. (18 How.) 272, 275-76, 278, 280-82, 285 (1856)).

These long-standing principles reflect the critical role that the collection of revenue plays in government and the attendant disruption that might follow if taxpayers were entitled, as a matter of right, to forestall payment pending judicial review. *Cheatham v. United States*, 92 U.S. (2 Otto) 85, 88-89 (1875); *see also Bull v. United States*, 295 U.S. 247, 259 (1935) ("taxes are the lifeblood of government, and their prompt and certain availability an imperious need"). Thus, "[i]t is within the undoubted power of Congress to provide any reasonable system for the collection of taxes and the recovery of them when illegal, without a jury trial," so long as due process is satisfied. *Wickwire v. Reinecke*, 275 U.S. 101, 105-06 (1927); *accord Jarkesy*, 603 U.S. at 128-29.

Norcave attempts to distinguish *Jarkesy*'s placement of tax cases in the public rights exception by pointing to the IRS's assertion of fraud penalties. But the civil fraud penalties applicable in *Norcave* are just like any other taxes, and nothing in *Jarkesy* suggests otherwise.

10

*See* 26 U.S.C. § 6665(a). The Supreme Court in *Jarkesy* decided the civil fraud penalties asserted by the SEC were, as a remedy, legal in nature because they were designed to punish and deter, "rather than to restore the victim." *Jarkesy,* 603 U.S. at 124. By contrast, the section 6663 civil fraud penalties are remedial in nature and intended to compensate the Government for the increased costs incurred with examining fraudulent returns. *See Helvering v. Mitchell*, 303 U.S. 391, 401 (1938). The penalties "are provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud." *Id.*[2] The Fifth Circuit has similarly held in a case concerning fraud penalties that the penalties "are but civil administrative sanctions of a remedial character in aid of the assessment and collection of taxes, and that they are not to be considered or treated as penal sanctions…" *Lee v. Commissioner*, 227 F.2d 181, 183 (5th Cir. 1955). *See also Ianniello v. Commissioner*, 98 T.C. 165, 180 (1992); *Kirk v. Commissioner*, 179 F.2d 619, 621 (1st Cir. 1950).

  **D. There Is No Constitutional Right to a Jury Trial in Suits Against the Sovereign**

  There is one more reason Norcave is not entitled to a jury trial. It has the right—which it is currently exercising—to petition for a readjustment of its 2018 tax year. *See* 26 U.S.C. § 6234(a). That gives Norcave the right to contest the imposition of the penalty. But it does not give Norcave the right to a jury trial.

---

[2] This is so even though the penalties are legal rather than equitable in nature. The assessment of a civil fraud penalty creates a debt due to the government, which is why a taxpayer who fails to pay is entitled to a jury trial if the government sues for a money judgment. *See United States v. McMahan*, 569 F.2d 889, 891 (5th Cir. 1978). But the public rights exception still applies—indeed, it is only necessary to consider the exception when the underlying action is legal in nature. *See Murray's Lessee*, 59 U.S. (18 How.) at 283-84 (observing that "[i]t is competent for the United States to sue any of its debtors in a court of law," but under the public rights exception, Congress can dictate how such a suit will proceed).

"The United States, as sovereign, is immune from suit save as it consents to be sued … and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *accord F.A.A. v. Cooper*, 566 U.S. 284, 290-91 (2012). Sovereign immunity encompasses not only suits against the United States and its agencies but also suits against government officers in their official capacity. *Lewis v. Clarke*, 581 U.S. 155, 162-63 (2017); *Segal v. Commissioner*, 177 F. App'x. 29, 30 (11th Cir. 2006).

Because there was no right at common law to bring a suit against the sovereign without the sovereign's consent, there was necessarily no right to a jury trial in a suit against the sovereign without the sovereign's consent. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). Thus, "It has long been settled that the Seventh Amendment right to a trial by jury does not apply in actions against the Federal Government." *Id.* (citing *Glidden v. Zdanok*, 370 U.S. 530, 572 (1962); *Galloway v. United States*, 319 U.S. 372, 388-89 (1943); *McElrath v. United States*, 102 U.S. (12 Otto) 426, 440 (1880)).

## IV.   CONCLUSIONS & PRAYER

As this Court lacks subject matter jurisdiction over Plaintiffs' suit, and Plaintiff chose to file its petition for adjustment with the United States Tax Court from its list of available options under 26 U.S.C. § 2634, and the Plaintiff has no right to a jury trial under the Seventh Amendment for the penalties at issue, the United States prays that upon final hearing of this cause, the Court dismiss all claims against it with prejudice and order Plaintiff to take nothing by reason of this action.

Dated: August 8, 2025                              Respectfully Submitted,

/s/ Bensen V. Solivan
Bensen V. Solivan
Massachusetts Bar No. 657364
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
Telephone: (202) 514-8031
Facsimile: (202) 514-4963
E-Mail: Bensen.Solivan@usdoj.gov
*Attorney for the United States*

*Of Counsel:*

Alexander C. Van Hook
Acting United States Attorney
Western District of Louisiana

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed on August 8, 2025 with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Bensen V. Solivan
Bensen V. Solivan
Trial Attorney, Tax Division
U.S. Department of Justice