UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **NORCAVE PROPERTIES, LLC,**<br>    Plaintiff<br>versus<br>**INTERNAL REVENUE SERVICE,**<br>    Defendant | **CIVIL ACTION NO. 2:25-CV-00398**<br><br>**DISTRICT JUDGE JAMES D. CAIN, JR.**<br><br>**MAG. JUDGE THOMAS P. LEBLANC** |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR JUDGMENT ON THE PLEADINGS**

This case is not about whether the IRS has authority to impose taxes, collect taxes, or disallow deductions. Instead, this case asks only whether Norcave Properties, LLC has the Seventh Amendment right to a jury trial on monetary penalties asserted by a government agency. Binding precedent says yes, and the IRS has not demonstrated otherwise.

### I.     ARGUMENT

**A.     The IRS has not shown that the public rights exception applies.**

The public rights doctrine is a "narrow exception" to the Seventh Amendment that "applies only to matters that 'historically could have been determined exclusively by [the executive and legislative] branches.'" *AT&T, Inc. v. FCC*, 135 F.4th 230, 238 (5th Cir. 2025) (quoting *SEC v. Jarkesy*, 603 U.S. 109, 128 (2024)). "[E]ven with respect to matters that arguably fall within the scope of the 'public rights' doctrine, the presumption is in favor of Article III courts." *Id.* at 239 (5th Cir. 2025) (quoting *Jarkesy*, 603 U.S. at 132).

The IRS has not met its burden of showing that the public rights doctrine applies here. The IRS does not cite any case, from any jurisdiction, at any time, that applied the exception to an assertion of penalties. However, the IRS cites *United States v. McMahan*, where the Fifth Circuit

175723188.1

said there was "no question" that an action seeking collection of a penalty was "a suit at common law" that created the right to a jury trial, which supports Norcave's position. 569 F.2d 889, 891, 892 (5th Cir. 1978).

Further, the IRS's characterization of the penalties assessed against Norcave as a "collection of revenue" goes too far. (ECF 17-1 at 10). If all penalties and punitive fees assessed by the government were considered a "collection of revenue," then the government could deprive citizens of their right to a jury trial in every case concerning criminal or civil restitution. Surely the Seventh Amendment protects the foundational right to a jury trial when the government seeks to punish someone, even if that punishment includes money changing hands. Indeed, the penalties at issue in *Jarkesy* and *AT&T* were monetary penalties—and were still subject to the Seventh Amendment. *Jarkesy*, 603 U.S. at 119 ("a civil penalty of $300,000"); *AT&T*, 135 F.4th at 235 ("a $57,265,625 penalty").[1] Neither those penalties nor the ones at issue here concern public rights.

The IRS appears to argue that *other* taxpayers under *other* procedures facing *other* penalties may have a right to a jury trial. (*See* ECF 17-1 at 4). Specifically, the IRS contends that higher tier individual partners may be able to eventually pay their individual penalties, file suit, and request a jury trial. (*Id.*). The IRS's argument ignores the fact that a partner could only raise personal penalty defenses, but could not contest the existence or validity of Norcave's penalty. 26 CFR § 301.6226-3(d)(1).

But this case is about Norcave, and there is no dispute that the IRS has not allowed Norcave a jury to defend against the specific penalties asserted against it. (*See* Compl. ¶ 19 ("Regardless of whether Norcave challenges the IRS's attempted imposition of penalties in Tax Court, the Court

---

[1] *Jarkesy* and *AT&T* also dispel the IRS's argument about sovereign immunity. (ECF 17-1 at 11–12). Each case involved an action against a government agency that was not barred by sovereign immunity. An attempt to exercise a constitutional right is not an action against the sovereign at all.

of Federal Claims, or a United States District Court, it will not have the opportunity for a jury trial."); *see also* Ans. ¶ 9 ("The United States admits the allegations in paragraph 19.")). Whatever rights other entities or individuals may have, Norcave has its own constitutional rights, including the right to a jury trial under the Seventh Amendment.

**B.      This Court has jurisdiction to determinate the narrow issue of whether Norcave has the right to a jury trial.**

This case simply asks whether a jury gets to decide whether the IRS may impose penalties on Norcave. Because it does not concern restraining the assessment of taxes, the Anti-Injunction Act and the limitation in the Declaratory Judgment Act on which the IRS relies to assert that this Court lacks subject matter jurisdiction simply do not apply. And the Supreme Court has made it abundantly clear that this suit can proceed. *CIC Servs., LLC v. IRS*, 593 U.S. 209 (2021). Indeed, the Supreme Court has described the history of the Anti-Injunction Act as not barring "extraordinary and exceptional circumstances" such as "pre-enforcement injunctive suits against tax statutes that were viewed as penalties or as adjuncts to the criminal law." *Bob Jones Univ. v. Simon*, 416 U.S. 725, 742–43 (1974).

It is irrelevant whether the penalties at issue could be considered tax penalties, which is not even a disputed issue here. This Court need not decide the validity of the taxes or penalties, whether Norcave must pay the taxes or penalties, nor whether the IRS should be permitted to assess the taxes or penalties. Rather, the question is whether Norcave is entitled to have a jury of its peers determine whether it is liable for the asserted penalties. Under *Jarkesy* and *AT&T*, that question has been answered affirmatively. As the IRS points out, "we inquire *not* into a taxpayer's subjective motive, but into the action's objective aim—essentially, the relief the suit requests." (ECF 17-1 at 6-7 (quoting *CIC Servs.*, 593 U.S. at 217)).

The IRS also asserts that without a jury trial, Norcave might still have "a remedy" of filing a petition in Tax Court. (ECF 17-1 at 8). But the IRS's argument merely proves Norcave's point, because the Tax Court does not provide taxpayers with the right to a jury trial. Under the Seventh Amendment, Norcave has a right to a jury trial, and no other "remedy" affords Norcave that right.

## II.     CONCLUSION

For these additional reasons, Norcave's motion for judgment on the pleadings should be granted.

This 15th day of August 2025.

          Respectfully submitted,

          FOX ROTHSCHILD LLP

          *s/ John G. Yadamec*
          John G. Yadamec
          La. Bar Roll No. 37928
          2501 N Harwood Street, Suite 1800
          Dallas, Texas 75201
          (972) 991-0889     Phone
          (972) 404-0516     Fax
          jyadamec@foxrothschild.com

          Meeren Amin (admitted pro hac vice)
          2020 K Street NW, Suite 500
          Washington, DC 20011
          (202) 461-3100     Phone
          (202) 461-3102     Fax
          mamin@foxrothschild.com

          Kip D. Nelson (admitted pro hac vice)
          230 N Elm Street, Suite 1200
          Greensboro, North Carolina 27401
          (336) 378-5200     Phone
          (336) 378-5400     Fax
          knelson@foxrothschild.com

          *Counsel for Plaintiff*
          *Norcave Properties, LLC*

175723188.1