**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION**

NORCAVE PROPERTIES L L C                CASE NO.  2:25-CV-00398

VERSUS                                          JUDGE JAMES D. CAIN, JR.

INTERNAL REVENUE SERVICE              MAGISTRATE JUDGE LEBLANC

<u>MEMORANDUM RULING</u>

Before the Court is a "Plaintiff's Motion for Judgment on the Pleadings" (Doc. 13) wherein Norcave Properties, LLC, ("Norcave") moves for judgment on the pleadings to allow a jury trial to determine whether Defendants, the United States of America and the Internal Revenue Service, may assess certain civil penalties against them. Also before the Court is the "United States' Opposition to Plaintiff's Rule 12(c) Motion for Judgment on the Pleadings and Cross-Motion for Judgment on the Pleadings" (Doc. 17) wherein the United States maintains that Norcave's claims are jurisdictionally barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a) and the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

<u>BACKGROUND</u>

This suit arises from a Seventh Amendment claim that Plaintiff filed after Defendants levied unpaid taxes and civil penalties for alleged acts of civil fraud, misevaluation of donations, and underpayment of taxes. Plaintiff donated a conservation servitude on their property in Jefferson Davis Parish, Louisiana, and cash to a charitable

organization in 2018.[1] These donations prompted Plaintiff to report a deduction on its tax returns.[2] The IRS, however, issued a Notice of Final Partnership Adjustment ("FPA") to Plaintiff on January 17, 2025, disallowing the donations.[3] Accordingly, the IRS then imposed civil fraud penalties under 26 U.S.C § 6663 for the 2018 tax year, and in the alternative, asserted gross valuation penalties, negligence penalties, and substantial understatement of income tax penalties.[4]

On April 14, 2025, Norcave, through its Partnership Representative, filed a Petition with the United States Tax Court under 26 U.S.C. § 6234(a) for a readjustment of the January 17, 2025, FPA including the penalties at issue in this Complaint.[5] At this juncture, Norcave could have filed the petition for readjustment with the Tax Court, the district court of the United States for the district in which the partnership's principal place of business is located, or the Court of Federal Claims. 26 U.S.C. § 6234(a).[6]

Plaintiff is asserting its right to a jury trial to determine whether the taxes and penalties may be imposed and seeks a declaratory judgment to that end. In its opposition and Cross-Motion for Judgment on the Pleadings, the United States seeks dismissal with prejudice for this Court's lack of jurisdiction.

---

[1] Complaint, ¶ 9.
[2] *Id.* ¶ 10.
[3] *Id.* ¶ 11.
[4] *Id.* ¶¶ 14, 15, 16.
[5] *Norcave Properties, LLC v. Commissioner*, U.S.Tax Court Docket No. 4753-25; Fed. R. Evid. 201.
[6] If filed with either the district court or the Court of Federal Claims, Norcave is required to deposit with the Secretary of the Treasury the imputed underpayment, penalties, additions to tax, and additional amount with respect to the imputed underpayment. 26 U.S.C. § 6234(b)(1).  The Tax Court option does not require such a deposit.

## LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The standard for Rule 12(c) motions for judgment on the pleadings is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim." *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe v. MySpace Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (quoting *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). The United States maintains that even taking the facts in the complaint as true, Norcave cannot show that this Court has subject matter jurisdiction—and even if the Court does, Norcave would not be entitled to relief.

*Jurisdiction*

The Anti-Injunction Act ("AIA"), 26 U.S.C. § 7421(a), specifically bars any "suit for the purpose of restraining the assessment or collection of any tax." The AIA is strictly enforced. *See Bob Jones University v. Simon*, 416 U.S. 725 (1974). And "[w]hen the AIA applies, it divests courts of subject-matter jurisdiction." *In re Westmoreland Coal Co.*, 968 F.3d 526, 533 (5th Cir. 2020). The purpose of the Act is to protect the Government's "need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference and 'to require that the legal right to the disputed sums be determined in a suit for a refund.'" *Bob Jones,* 416 U.S. at 736 (quoting *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962)).

Norcave maintains that the AIA does not apply because it is challenging the assessment of a penalty, not a tax.[7] The United States argues that for purposes of the AIA, the penalties assessing Norcave's FPA are treated just like any tax.

The United States explains that valuation misstatement penalties and understatement of tax penalties are located in 26 U.S.C. § 6662. Civil fraud penalties are located in 26 U.S.C. § 6663. Both are in Chapter 68 of the Internal Revenue Code. 26 U.S.C. § 6665 coordinates rules for tax penalties found in Chapter 68. It provides that "any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the additions to the tax, additional amounts, and penalties provided by" Chapter 68. § 6665(a)(2). Because the AIA is in "this title" (i.e., Title 26), its reference to "tax" thus also refers to penalties in Chapter 68. *See* 26 U.S.C. § 7421(a). And because the AIA bars suits to restrain the assessment of a "tax," it also bars suits to restrain the assessment of civil fraud penalties.

The United States remarks that the Supreme Court has addressed Congress's freedom to label something a "penalty" while requiring it to be treated as a "tax" under the AIA. *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 544-45 (2012) with the following from that opinion:

> Congress can, of course, describe something as a penalty but direct that it nonetheless be treated as a tax for purposes of the Anti-Injunction Act. For example, 26 U.S.C. § 6671(a) provides that "any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the penalties and liabilities provided by" Subchapter 68B of the Internal Revenue Code. Penalties in Subchapter 68B are thus treated as taxes under Title 26, which includes the Anti-Injunction Act.

---

[7] Memorandum, p. 6, Doc. 14.

*Id.* In 2021, the Supreme Court reiterated that because of § 6671(a) (the counterpart to our § 6665(a)(2)), the penalties at issue "[were] 'deemed' to be 'tax[es]' for purposes of the Code—including the Anti-Injunction Act. §6671(a). *CIC Servs., LLC v. IRs*, 593 U.S. 209, 214 (2021).

The United States further notes that Norcave has availed itself of its rights and filed its petition for readjustment for its 2018 tax year with the United States Tax Court.

Next, the United States maintains that the Declaratory Judgment Act, 28 U.S.C. § 2201(a) prohibits a federal court from entertaining such action involving taxpayers' federal tax assessments. Section 2201(a) provides:

> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* other than actions brought under section 7428 of the Internal Revenue Code of 1986 … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

§ 2201(a) (emphasis added). As such the United States contends that this Court has no jurisdiction to provide declaratory relief with respect to federal taxes. *Rivero v. Fid. Invs.*, 1 F.4th 340, 346 (5th Cir. 2021) ("[t]he DJA prohibits courts from providing declaratory relief with respect to federal taxes; that prohibition is jurisdictional." The Supreme Court noted that "[t]here is no dispute . . . that the federal tax exception to the Declaratory Judgment Act is at least as broad as the Anti-Injunction Act." *McCabe v. Alexander*, 526 F.2d 963, 965 (5th Cir. 1976) (quoting *Bob Jones Univ.*, 416 U.S. at 732 n.7 (internal quotation marks omitted)).

The Court agrees with the United States, that the AIA bars this Court from providing declaratory relief, and as such this Court lack jurisdiction.

## **CONCLUSION**

For the reasons explained herein, the Court will grant the United States' Cross-Motion for Judgment on the Pleadings (Doc. 17), deny Plaintiff's Motion for Judgment on the Pleadings (Doc. 13), and dismiss this action.

**THUS DONE AND SIGNED** in chambers on this 25th day of August, 2025.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**